IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CARL EVANS,                              §<br>§<br>    Movant,                              §<br>                                                §<br>V.                                            §     NO. 4:20-CV-813-O<br>                                                §     (NO. 4:19-CR-308-O)<br>UNITED STATES OF AMERICA,     §<br>                                                §<br>    Respondent.                         § | |

**<u>OPINION AND ORDER</u>**

Came on for consideration the motion of Carl Evans, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-308-O, styled "United States v. Carl Evans, et al.," and applicable authorities, finds that the motion should be denied.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On October 17, 2019, movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[1] 82. On October 28, 2019, movant was named in a one-count superseding information charging him with conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc. 91. Movant and

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-308-O.

his attorney signed a waiver of indictment, CR Doc. 93, a factual resume, CR Doc. 94, and a plea agreement. CR Doc. 95. The factual resume set forth the penalties movant faced for a conviction under the superseding information, the elements of the offense charged, and the stipulated facts establishing that movant had committed the offense charged by the superseding information. CR Doc. 94. The plea agreement stated that movant faced a term of imprisonment for not more than 20 years. CR Doc. 95 at 2. The plea agreement further stated that movant understood that his sentence would be determined by the Court after consideration of the sentencing guidelines, which were not binding, but advisory only; that no one could predict movant's sentence; that movant would not be allowed to withdraw his plea if the sentence was higher than expected; that movant's sentence was solely in the Court's discretion; that the plea was freely and voluntarily made and was not the result of force or threats or promises; that movant waived his right to appeal and to pursue relief in collateral proceedings except in limited circumstances; that the government would not bring any additional charges against movant and that it would move to dismiss any remaining charges against him after sentence was imposed; that movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was satisfied with his representation; that his counsel had explained to him each paragraph of the plea agreement, each of his rights affected by the plea agreement, and the alternatives available to him other than entering into the agreement and that, because he conceded he was guilty, he had concluded that it was in his best interest to enter into the plea agreement rather than proceed to trial. *Id.* at 2–5.

Movant and his counsel signed a consent to administration of guilty plea and allocution by United States Magistrate Judge, CR Doc. 107, and on October 30, 2019, movant entered his plea of guilty to the superseding information. CR Doc. 106. Movant testified under oath that: He

understood he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, pressure, threats, force or coercion of any kind; he had discussed with his attorney the charges against him, the matter of sentencing, and how the guidelines might apply; the Court would not be bound by the stipulated facts and could take into account other facts; he understood that he had the right to be indicted by a grand jury and he waived that right; he understood the essential elements of the offense charged by the superseding information and he committed all of them; he was satisfied with the representation provided by his attorney; he read the plea agreement, understood it, discussed it with his attorney, and asked the Court to accept the plea agreement; he was waiving the right to appeal and to challenge his conviction and sentence in collateral proceedings, including under § 2255, except in certain instances; all of the terms of his agreement with the government were set forth in the plea agreement; no one had mentally, physically, or in any other way attempted to force him to plead guilty; no one had made any promises or assurances to him in any kind of effort to induce him to enter a plea of guilty; and, the stipulated facts in the factual resume were true and correct. CR Doc. 166 at 4–33. The magistrate judge found that the plea was knowing and voluntary. *Id.* at 33–34. He issued a report and recommendation that the plea be accepted. CR Doc. 108. Movant did not file objections and the Court accepted the plea. CR Doc. 112.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 30. CR Doc. 115, ¶ 26. He received two-level enhancements for use of violence, *id.* ¶ 27, and importation from Mexico. *Id.* ¶ 28. He received a two-level and a one-level reduction for acceptance of responsibility. *Id.* ¶¶ 34, 35. Based on a total offense level

3

of 31 and a criminal history category of V, movant's guideline imprisonment range was 168 to 210 months. *Id.* ¶ 109. Movant filed objections, CR Doc. 119, and the probation officer prepared an addendum to the PSR. CR Doc. 123. The probation officer accepted one of the objections, which resulted in movant having a criminal history category of IV and a guideline imprisonment range of 151 to 188 months. *Id.* Movant again objected. CR Doc. 125.

The government filed a motion for a two-level downward departure based on movant's substantial assistance. CR Doc. 121. Movant filed a response requesting a five-level downward departure. CR Doc. 126. Movant also filed a motion for variance, CR Doc. 133, and a sentencing memorandum requesting a below-guideline sentence. CR Doc. 135.

The Court granted the government's motion for downward departure and sentenced movant to a term of imprisonment of 120 months. CR Doc. 141. Movant did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts six grounds in support of his motion. Doc.[2] 1. In his first ground, movant alleges that his plea was involuntary because the government breached the plea agreement. *Id.* at 7. In his second, third, and fourth grounds, movant says that he received ineffective assistance of counsel. *Id.* at 7–8. In his fifth ground, he says his conviction was obtained by the use of a false or coerced confession. *Id.* at 11. And, in his sixth ground, he says his conviction was obtained by use of cell phone evidence obtained by an unconstitutional seizure. *Id.* The motion is supported by a memorandum. Doc. 2.

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

### III. APPLICABLE LEGAL STANDARDS

#### A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

#### B.  Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings

5

would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of his first ground, movant says that the government agreed at the plea agreement meeting on October 22, 2019, not to seek any sentencing guideline enhancements. He argues that the plea agreement was breached because the PSR contained two enhancements. Doc. 1 at 7; Doc. 2 at 2–4. Movant refers to the plea agreement to support his argument. *Id.* However, the plea agreement does not contain any provision regarding enhancements. CR Doc. 95. Rather, it just says that the government will not bring additional charges against movant based on conduct underlying and related to his guilty plea and that it will dismiss any remaining charges after movant is sentenced on the charge related to his guilty plea. *Id.* ¶ 7. Movant acknowledged by signing the

6

agreement that he recognized that no one could predict what his sentence would be and that he would not be allowed to withdraw his plea if the sentence was higher than expected. *Id.* ¶ 4. He further acknowledged that the only promises made to him were those set forth in the written agreement. *Id.* ¶ 9. Finally, the parties agreed that the plea agreement contained the complete statement of the parties' agreement. *Id.* ¶ 12. Movant confirmed each of these things under oath at his plea hearing. CR Doc. 166. In particular, he testified that all of the terms of his agreement with the government were set forth in the plea agreement, *id.* at 24, and that no one had made him any promise or assurance of any kind in an effort to induce him to enter a plea of guilty. *Id.* at 25.

Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Likewise, his factual resume and plea agreement. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." *Id. See also United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. *Bradshaw v. Stumpf*, 545 U.S. 175, 183

(2005); CR Doc. 166. Despite his protestation to the contrary, he has not shown otherwise.[3] Doc. 12. And, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for the alleged agreement. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). Clearly, the offense charged by the indictment was much more serious than that charged by the superseding information.

In his second, third, and fourth grounds, movant says he received ineffective assistance of counsel for a laundry list of reasons. Doc. 1 at 7–8; Doc. 2 at 2–9. In support of ground two, movant alleges that counsel failed to "go over evidence and give copies of evidentiary documents" to movant as ordered by the magistrate judge at initial appearance. Doc. 1 at 7; Doc. 2 at 5–7. Movant does not identify the "evidence" to which he refers. The transcript of the detention hearing does not reflect that counsel was directed to provide anything to movant. CR Doc. 168. Neither does the transcript of the hearing at initial appearance. CR Doc. 167. At that hearing, counsel stated that he had reviewed all but three pages of the criminal complaint with movant and that he would go over it and make sure movant understood the charges. *Id.* at 3–4. Movant's testimony at arraignment on the superseding information made clear that he understood the charges. CR Doc. 166. This ground has no merit.

In support of ground three, movant says that counsel failed to be attentive and to protect movant's rights at various proceedings. Doc. 1 at 7; Doc. 2 at 5, 7–8. Movant contends that counsel was playing games on his phone and i-pad. He says that counsel's neglect amounted to absence of

---

[3] Movant's declaration does not set forth facts sufficient to undermine his sworn testimony in court. Nor is it supported by independent evidence. *See United States v. Smith*, 945 F.3d 860, 863–64 (5th Cir. 2019). The Court further notes that movant refers only to "enhancements," which in his case would logically refer to increased punishment based on prior convictions. 21 U.S.C. §§ 841(a)(1)(A) & 851. *See* Doc. 12 at 7–8. Movant doubtless was aware that his co-defendant was subject to increased punishment, the notice of which was called a "sentencing enhancement provision." CR Doc. 87. Talking about sentencing guideline enhancements at the plea stage would have made no sense.

8

counsel, Doc. 2 at 7–8, but he does not identify any reason that the hearings on detention and arraignment were unfair. His conclusory allegations are insufficient to show that he is entitled to relief on this ground. *Miller*, 200 F.3d at 282.

In support of his fourth ground, movant asserts that counsel rendered ineffective assistance in failing to file a motion to suppress information illegally obtained from a cell phone and by failing to suppress a false coerced confession. Doc. 2 at 8–9. In his fifth ground, movant alleges that his conviction was obtained by use of a false/coerced confession. Doc. 1 at 11. In his sixth ground, he says that his conviction was obtained by use of cell phone evidence gained pursuant to an unconstitutional seizure. *Id.* He has not shown, however, that he had any valid Fourth Amendment claim, much less that the outcome of the case would have been different had any particular evidence been excluded. *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986). A mere allegation of prejudice is not sufficient. *United States v. Kayode*, 777 F.3d 719, 724 (5th Cir. 2014).

Movant does not identify specific evidence seized from the search of his cell phone or show how such evidence was pertinent to his conviction. He makes the conclusory allegation that the search of his phone in late 2017 "ultimately led to a federal investigation," Doc. 2 at 28, but the PSR indicates that the investigation began in approximately July 2016 based on the activities of numerous other people. CR Doc. 115, ¶ 8. The superseding information, plea agreement, and factual resume do not mention the 2017 cell phone search.[4] CR Docs. 91, 94, 95.

Likewise, movant does not provide any specific detail regarding his "false coerced induced influenced confession." Doc. 1 at 8. Rather, he makes conclusory allegations about federal marshal

---

[4] The criminal complaint reflects that movant's cell phone was searched pursuant to a warrant. CR Doc. 1, ¶ 39. Movant contends that the phone was searched before the warrant was obtained, but offers only his own conclusory declaration in support.

9

with a laptop "making promises to help me." Doc. 2 at 33. He says that he could not identify the one person the marshal tried showing him. He does not describe any evidence that he was compelled or coerced to disclose. *Id.* at 33–34.

Two waivers are at play here. First, by his plea agreement, movant waived his right to appeal and his right to pursue relief pursuant to § 2255 except in certain limited circumstances. CR Doc. 95, ¶ 10. Specifically,

> Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

*Id.* A waiver is valid if it is knowing and voluntary. *United States v. Scallon*, 683 F.3d 680, 682 (5th Cir. 2012). A waiver is knowing and voluntary where the record reflects that the defendant read and understood the plea agreement, was aware of his right to appeal, understood that he was giving up that right, and raised no question concerning the waiver. *United States v. Portillo*, 18 F.3d 290, 292–93 (5th Cir. 1994). That is the case here. CR Doc. 166.

Movant's fifth and sixth grounds should have been raised on direct appeal and cannot be raised here absent a showing of cause and prejudice. *Frady*, 456 U.S. at 168; *Shaid*, 937 F.2d at 232. However, movant waived the right to appeal as well as the right to raise these issues here and he has made no attempt to show, much less shown, that his waiver is not valid. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Counsel cannot have been ineffective in properly advising movant as to the terms of his plea agreement.

Second, a valid guilty plea waives all nonjurisdictional defects, including claims of ineffectiveness (except as it relates to the voluntariness of the plea). *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). This includes claims of *Miranda* violations, *Brown v. Butler*, 811 F.2d 938, 940 (5th Cir. 1987), and objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 286 (5th Cir. 2002). As stated, *supra*, movant's plea was knowing, voluntary, and intelligent. He has waived the fifth and sixth grounds. And, he has not shown that counsel's failure to file motions to suppress somehow rendered his guilty plea involuntary. Movant has offered no reason to believe, much less any evidence to support any contention, that, but for counsel's ineffective assistance in this regard, he would have rejected the plea and insisted on going to trial.[5] *Hill*, 474 U.S. at 56. By pleading guilty to the superseding information, movant avoided a trial on the indictment that would have subjected him to a term of imprisonment of 10 years to life. Through the plea, his acceptance of responsibility, and cooperation with the government, movant was able to obtain a sentence of ten years' imprisonment. There is no contemporaneous evidence to support a finding that movant would have gone to trial. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

## V. CONCLUSION

For the reasons discussed herein, the relief sought in movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 30th day of March, 2021.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

[5] Movant simply alleges that he "would have been better off going to trial." Doc. 2 at 9.